UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADM EDIBLE BEAN SPECIALTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN BEAN LLC, <br><br> Defendant. | Case No.: 23-CV-1096 (JMB/LIB) <br><br> **AMENDED CONSENT JUDGMENT** |

WHEREAS, Plaintiff ADM Edible Bean Specialties, Inc. ("ADM EBS") asserts that Defendant American Bean LLC ("American Bean") is liable for willful direct and indirect infringement of United States Patent Nos. 9,775,312; 9,532,523; 11,000,005; 11,771,047; 11,778,975 (collectively, "the Asserted Patents") through American Bean's knowingly unauthorized making, using, selling and offering to sell ADM EBS's edible bean seed claimed in the Asserted Patents, and inducement of third-party growers to make, use, sell, and offer to sell ADM EBS's edible bean seed claimed in the Asserted Patents without authorization;

WHEREAS, ADM EBS asserts that American Bean is liable for willful direct and indirect infringement of United States Certificate of Plant Variety Protection Nos. 201400412; 200500219; 201300355; 201400413; 201300354; 201600321; 201600322; 201600323; 202100225; 202100226 (collectively, "the Asserted PVP Certificates") through American Bean's knowingly illegal propagating, stocking, selling, saving,

supplying, shipping, dispensing, conditioning, and delivering ADM EBS's seed varieties protected by the Asserted PVP Certificates for reproductive/seed purposes without authorization, and inducement of third-party growers to illegally propagate, stock, sell, save, supply, ship, dispense, condition, and deliver ADM EBS's seed varieties protected by the Asserted PVP Certificates for reproductive/seed purposes without authorization;

WHEREAS, through at least the above-described acts, ADM EBS asserts that American Bean is liable for conversion, unfair competition, unjust enrichment, and breach of the sales contracts between ADM EBS and American Bean for at least the 2020, 2021, and 2022 growing seasons;

WHEREAS, in addition to the above-described acts, ADM EBS asserts that American Bean has violated the Lanham Act pursuant to 15 U.S.C. § 1125(a) by using words, terms, names, symbols, false designations of origin, false or misleading descriptions of fact, and false or misleading representation of fact in interstate commerce, which has deceived the consuming public to believe that the source of American Bean's illegally made seed was ADM EBS;

WHEREAS, the Court has been advised that the parties have consented to entry of this Judgment (the "Judgment") and that the Judgment is meant to be final and have preclusive effect;

WHEREAS, the Court has been advised that the parties expressly intend this Judgment to have the preclusive effect stated below (issue and claim preclusion);

WHEREAS, having examined the terms of this Consent Judgment, and having concluded that its provisions are fair, reasonable, and adequate to settle and finally dispose of all disputes between ADM EBS and American Bean in this action;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties. Venue is proper in this District.

2. The Consent Judgment is fair, reasonable, and adequate. The Consent Judgment was negotiated in good faith and at arm's length; this action (and the Consent Judgment) implicate federal patent and Plant Variety Protection Act laws and the Consent Judgment resolves those disputes; and the Consent Judgment advances the purposes of the patent and Plant Variety Protection Act laws and the public interest.

3. ADM EBS owns all rights, title, and interest to the Asserted Patents and the Asserted PVP Certificates. ADM EBS has standing to bring this action.

4. All the Asserted Patents and Asserted PVP Certificates are valid and enforceable. American Bean hereby irrevocably waives the right to contest, directly or indirectly, the validity and/or enforceability of the Asserted Patents or the Asserted PVP Certificates. American Bean hereby irrevocably waives the right to contend in any court, in the United States Patent and Trademark Office, or in any other forum, that the Asserted Patents or the Asserted PVP Certificates are invalid or unenforceable, regardless of the product at issue in such other proceeding. American Bean hereby irrevocably waives the right to directly or indirectly contest the validity and/or enforceability of the Asserted Patents or the Asserted PVP Certificates, or aid or assist anyone else in doing so, in

3

litigation or any other proceeding. These waivers also apply to American Bean's subsidiaries, officers, directors, agents, employees, successors-in-interest, and assignees (collectively "Related Entities").

5. American Bean has directly and indirectly infringed the Asserted Patents. American Bean has directly infringed the Asserted Patents by making, using, selling, and offering to sell ADM EBS's edible bean seed claimed in the Asserted Patents without authorization from ADM EBS. American Bean has also indirectly infringed the Asserted Patents by actively inducing third-party growers to make, use, sell, and offer to sell ADM EBS's edible bean seed claimed in the Asserted Patents without authorization from ADM EBS.

6. American Bean has directly and indirectly infringed the Asserted PVP Certificates. American Bean has directly infringed the Asserted PVP Certificates by illegally propagating, stocking, selling, saving, supplying, shipping, dispensing, conditioning, and delivering ADM EBS's seed varieties protected by the Asserted PVP Certificates for reproductive/seed purposes without authorization from ADM EBS. American Bean has also indirectly infringed the Asserted PVP Certificates by actively inducing third parties to illegally propagate, stock, sell, save, supply, ship, dispense, condition, and/or deliver ADM EBS's seed varieties protected by the Asserted PVP Certificates for reproductive/seed purposes without authorization from ADM EBS.

7. American Bean's acts of infringement recited in Paragraphs 4 and 5 were willful and performed after American Bean received notice from ADM EBS of the Asserted Patents and Asserted PVP Certificates.

8. American Bean's acts recited in Paragraphs 4 and 5 also resulted in the conversion of ADM EBS's patented and/or PVPA protected seed varieties and edible bean crops grown therefrom, unfair competition, and caused American Bean to be unjustly enriched.

9. In addition, when offering to sell and selling the illegally made seed in interstate commerce, as recited in Paragraphs 4 and 5, American Bean duplicated tags and labels from ADM EBS seed and used them with the illegally made seed to create the misleading representation that the source of the seed was ADM EBS.

10. The sales contracts between ADM EBS and American Bean for the 2020, 2021, and 2022 growing seasons are valid and enforceable. American Bean hereby irrevocably waives the right to contest, directly or indirectly, the validity and/or enforceability of the sales contracts between ADM EBS and American Bean for the 2020, 2021, and 2022 growing seasons.

11. Through the acts described in Paragraphs 4 and 5, American Bean breached the sales contracts between ADM EBS and American Bean for at least the 2021, and 2022 growing seasons.

12. The acts of American Bean described in Paragraphs 4 through 10, show deliberate disregard for the rights of ADM EBS, and satisfy the standards in Minnesota

Statute 549.20 to allow punitive damages. American Bean acted with deliberate disregard for the rights of ADM ABS, as American Bean knew or intentionally disregarded that: (1) the ADM EBS seed varieties at issue were protected by patent and/or PVP Certificate, (2) American Bean was not authorized to make, use, sell, offer to sell, propagate, stock, save, supply, ship, dispense, condition, or deliver the protected ADM EBS seed varieties for reproductive/seed purposes, and (3) that if American Bean did make, use, sell, offer to sell, propagate, stock, save, supply, ship, dispense, condition, or deliver the protected ADM EBS seed varieties for reproductive/seed purposes, it would create at least a high probability (if not a certainty) of injury to the rights of ADM EBS. Notwithstanding this knowledge, and in conscious disregard of or indifference to the high degree of probability (if not certainty) of injury to the rights of ADM EBS, American Bean deliberately proceeded to make, use, sell, offer to sell, propagate, stock, save, supply, ship, dispense, condition, and deliver the protected ADM EBS seed varieties for reproductive/seed purposes, without authorization.

13. American Bean, its Related Entities, and those persons in active concert or participation with them who receive actual notice hereof, are hereby permanently enjoined from making, using, selling, and offering to sell ADM EBS's edible bean seed claimed in the Asserted Patents without authorization from ADM EBS. American Bean shall cease immediately any activities that directly or indirectly constitute infringement of the Asserted Patents. For each respective patented variety, this injunction shall not extend beyond the respective date of the expiration of the Asserted Patent.

14. American Bean, its Related Entities, and those persons in active concert or participation with them who receive actual notice hereof, are hereby permanently enjoined from illegally propagating, stocking, selling, saving, supplying, shipping, dispensing, conditioning, and delivering ADM EBS's seed varieties protected by the Asserted PVP Certificates for reproductive/seed purposes without authorization from ADM EBS. American Bean shall cease immediately any activities that directly or indirectly constitute infringement of the Asserted PVP Certificates. For each respective variety with PVP Certificate protection, this injunction shall not extend beyond the respective date of the expiration of the Asserted PVP Certificate.

15. Within 30 days of execution of this Judgment and by overnight delivery, American Bean shall serve upon the undersigned counsel for ADM EBS a written declaration, verified under penalty of perjury, confirming that American Bean has complied with all terms of this Judgment.

16. This Judgment shall finally conclude and dispose of this litigation. And, as to all parties (including third parties in active concert or participation of infringement), for the issues and claims contained in this Judgment, this Judgment shall be entitled to issue and claim preclusion effect in future litigation or United States Patent and Trademark Office proceedings related to the Asserted Patents and/or the Asserted PVP Certificates. The parties expressly intend such preclusion. However, such preclusion is not intended to allow non-parties to this action to use issue and claim preclusion offensively in any other matter or potential future litigation.

17. American Bean and its Related Entities voluntarily relinquish their rights to appeal this Judgment, or to challenge it in this Court or in any subsequent legal proceeding.

18. If American Bean, its Related Entities, or those persons in active concert or participation with them who receive actual notice hereof, is found by the Court to be in contempt of, or otherwise to have violated this Judgment, ADM EBS, its successors-in-interest and assignees will suffer irreparable harm. Thus, in addition to the other remedies available to ADM EBS, its successors-in-interest and assignees for contempt or violation of this Judgment, American Bean, its related entities, or those persons in active concert or participation with them who receive actual notice hereof consents to entry of a Temporary Restraining Order and a Preliminary Injunction. ADM EBS, its successors-in-interest and assignees also shall be entitled, in addition to any damages caused by any contempt or violation of this Judgment, to recover its attorneys' fees, costs and other expenses incurred in enforcing this Judgment.

19. ADM EBS alleges the full amount of recoverable damages and fees in this matter, excluding punitive damages, at the time this Judgment was filed exceed $20,000,000.

20. Other than as set forth in Paragraph 17 of this Judgment, the parties shall each bear their own attorneys' fees, costs and expenses in this action.

21. This Court shall retain jurisdiction over this action and the parties to this action until the Parties inform the Court that the seeds and beans subject to the Consent Injunction (Doc. No. 23) have been disposed of properly.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 13, 2025

Judge Jeffrey M. Bryan
United States District Court